IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CHRIS DELEON, ) | |
| ) | |
| Plaintiff *pro se*, ) | |
| ) | Civil Action No. 25-cv-00080-LKG |
| v. ) | |
| ) | Dated:  September 5, 2025 |
| MARGARET FOX, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

In this civil action, the Plaintiff *pro se*, Chris deLeon, brings claims pursuant to 42 U.S.C. § 1983, and the First, Fourth and Fourteenth Amendments of the United States Constitution, against the Defendants, Margaret Fox; Officer Charles Pyles, Officer John Doe 2 and Officer John Doe 3 (collectively, the "Officer Defendants"); and the Honorable Kathleen M. Dumais, Associate Judge of the Circuit Court for Montgomery County, Maryland, the Honorable Jennifer S. Fairfax, Associate Judge of the Circuit Court for Montgomery County, Maryland, the Honorable Eric J. Nee, Associate Judge of the District Court of Maryland for Montgomery County, and the Honorable Aileen E. Oliver, Associate Judge of the District Court of Maryland for Montgomery County (collectively, the "Judicial Defendants"), arising from a dog walking incident that resulted in the issuance of a peace order against the Plaintiff.  *See generally* ECF No. 1.  The Judicial Defendants have filed a motion to dismiss the Plaintiff's claims, pursuant to Fed R. Civ. P. 12(b)(1) and (b)(6), and a memorandum in support thereof.  ECF Nos. 7 and 7-1.  Officer Pyles has also filed a motion to quash service of the summons and complaint, pursuant to Fed. R. Civ. P. 12(b)(5).  ECF No. 13.

In addition, the Plaintiff has filed a motion for default judgment.  ECF No. 11.  The motions are fully briefed.  ECF Nos. 7, 11, 12, 13, 14, 15 and 16.  No hearing is necessary to resolve the motions.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Judicial Defendants' motion to dismiss (ECF No. 7); (2) **GRANTS** Officer Pyles'

motion to quash (ECF No. 13); (3) **DENIES** the Plaintiff's motion for default judgment (ECF No. 11); (4) **DISMISSES** Counts I, II and III in the complaint as to the Judicial Defendants; (5) **QUASHES** the service of the summons and complaint as to Officer Pyles; and (6) **DIRECTS** the Plaintiff to properly serve Officer Pyles with the summons and complaint as required by Fed. R. Civ. P. 4(e), by **September 26, 2025**.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.     Factual Background

In this civil action, the Plaintiff brings claims pursuant to Section 1983 and the United States Constitution against the Defendants, arising from a dog walking incident that resulted in the issuance of a peace order against the Plaintiff. *See generally* ECF No. 1. The Plaintiff asserts the following three claims in the complaint: (1) violation of 42 U.S.C. § 1983/Fourteenth Amendment (Count I); (2) violation of the First Amendment (Count II); and (3) violation of the Fourth Amendment (Count III). *Id.* at 6-7. As relief, the Plaintiff seeks, among other things, to recover actual and punitive damages, costs and attorneys' fees from the Defendants. *Id.* at Prayer for Relief.

The Parties

Plaintiff Chris deLeon is a resident of Maryland. *Id.* at 2.

Defendant Margaret Fox is a resident of Maryland. *Id.* at 1-2.

Defendant Officer Pyles is a police officer employed by the Montgomery County, Maryland Police Department (the "MCPD"). *Id.* at 2.

Defendant Officer John Doe 2 is a police officer employed by the MCPD. *Id.* at 2-3.

Defendant Officer John Doe 3 is a deputy sheriff with the MCPD. *Id.* at 3.

Defendant Judge Kathleen Dumais is an Associate Judge of the Circuit Court of Montgomery County, Maryland. ECF No. 7 at 1.

Defendant Judge Eric J. Nee is an Associate Judge of the District Court of Montgomery County, Maryland. *Id.*

Defendant Judge Jennifer Fairfax is an Associate Judge of the Circuit Court of Montgomery County, Maryland. *Id.*

---

[1] The facts recited in this memorandum opinion are taken complaint; the Judicial Defendants' motion to dismiss and memorandum in support thereof; Officer Pyles' motion to quash; and the Plaintiff's responses in opposition thereto. ECF Nos. 1, 7, 7-1, 12, 13, 14 and 15.

Defendant Judge Aileen Elizabeth Oliver is an Associate Judge of the District Court of Montgomery County, Maryland. *Id.*

The Dog Walking Incident

As background, this case arises from a dispute between the Plaintiff and his neighbor, Defendant Margaret Fox, regarding whether the Plaintiff can use the sidewalk in front of Ms. Fox's home to walk his dogs (the "Dog Walking Incident"). ECF No. 1. The Plaintiff alleges that, while he was walking his dogs, Ms. Fox told him that he could not be in front of her home, that the sidewalk in front of her home was her property and that his dogs were not permitted to use the bathroom on her property. *Id.* at 1. The Plaintiff also alleges that Ms. Fox demanded that he leave the area and sprayed him with her water hose. *See id.*

The Plaintiff alleges that he "called the police against [Ms. Fox] for assault and battery." *Id.* at 7. And so, the Plaintiff alleges that Officer Pyles and at least two unknown MCPD officers arrived on the scene shortly thereafter. *Id.* at 1. The Plaintiff further alleges that when MCPD officers asked Ms. Fox "if she was threatened by the Plaintiff, she said no," and that she "stated under oath that she thought this was a silly neighborly dispute." *Id.* at 7.

In addition, the Plaintiff alleges that "[a]ccording to Ms. Fox's sworn written statement, she said that the police escorted the Plaintiff from the public sidewalk. That was a lie." *Id.* at 2. Lastly, the Plaintiff alleges that in Ms. Fox "testified that the police told her to file a peace order against the Plaintiff. If that is correct, then the police officer improperly gave her legal advice." *Id.*

The Peace Orders

Following the Dog Walking Incident, the Plaintiff and Ms. Fox both sought peace orders (the "Peace Orders") in the Montgomery County courts. Specifically, Ms. Fox and the Plaintiff filed cross-petitions for peace orders in the District Court for Montgomery County, Maryland on January 9, 2023, and January 10, 2023, respectively. ECF No. 7-2 (Defendant Fox's Petition For Peace Order); ECF No. 7-3 (The Plaintiff's Petition For Peace Order). Judge Nee presided over the final hearings on the Peace Orders. ECF No. 7-1 at 1.

On January 18, 2023, Judge Nee granted Ms. Fox's petition for a peace order and determined that the Plaintiff committed "an act which placed [Ms. Fox] in fear of imminent serious bodily harm." ECF No. 7-4 (Defendant Fox's Peace Order). Judge Nee also granted the Plaintiff's petition for a peace order and determined that Ms. Fox committed "assault in any

3

degree." ECF No. 7-9 (The Plaintiff's Peace Order). And so, the Peace Orders remained in effect until March 18, 2023. *Id*.; ECF No. 7-4

On January 25, 2023, the Plaintiff appealed Judge Nee's Peace Order to the Circuit Court for Montgomery County, Maryland. ECF No. 7-5 (Appeal). On March 1, 2023, Judge Dumais held a hearing regarding the appeal and affirmed Judge Nee's decision to issue the Peace Order in favor of Ms. Fox. ECF No. 7-6 (Dumais Order).

On March 6, 2023, the Plaintiff requested an extension of his Peace Order by six months, because of an "underlying criminal offense" and his "fears [of] continued harassment, threats, and assaults until the outcome of the criminal matter has been finalized." ECF No. 7-10 at 1 (Request For Extension). On March 30, 2023, Judge Nee held a hearing on this request and denied the request. ECF No. 7-12 (Hearing Notice); ECF No. 7-13 (Order Denying Request For Extension). And so, on March 31, 2023, the Plaintiff filed a petition for writ of certiorari with the Supreme Court of Maryland challenging Judge Dumais' decision. ECF No. 7-7 (Petition for Writ of Certiorari).[2]

Thereafter, on March 21, 2024, Ms. Fox filed a second petition for a peace order against the Plaintiff. ECF No. 7-14 (Second Fox Petition). On April 1, 2024, Judge Oliver presided over the final hearing on the petition and determined that the Plaintiff had harassed Ms. Fox. ECF No. 7-15 (Second Fox Peace Order). And so, Judge Oliver granted Ms. Fox's second petition for a Peace Order. *Id*. The Plaintiff, subsequently, appealed Judge Oliver's Peace Order on April 23, 2024. ECF No. 7-16 (Appeal of Second Fox Peace Order). On March 1, 2024, Judge Fairfax presided over the appeal hearing and affirmed Judge Oliver's decision. ECF No. 7-17 (Fairfax Order).

The District Court Litigation

The Plaintiff commenced this civil action on January 10, 2025. ECF No. 1. In the complaint, the Plaintiff alleges that certain MCPD officers violated Section 1983 and "initiated contact with [him] based on a false assertion that he was on the property of Defendant Fox, when they knew or should have known, that [he] was on public property and had the right to be there." *Id*. at 6. The Plaintiff further alleges that "[t]he defendants, including Defendant Fox, violated

---

[2] On June 20, 2023, the Supreme Court of Maryland denied the Plaintiff's appeal. ECF No. 7-8 (Denial of Petition for Writ of Certiorari).

4

[his rights under the First Amendment] by prohibiting the Plaintiff from exercising the right to be in public, and specifically, on the public sidewalk." *Id*. at 7.  In addition, the Plaintiff alleges that Judges Nee, Oliver and Fairfax "violated [his] right to be free from discrimination" by, among other things "suggest[ing] that the Plaintiff just walk on a different street" and telling "the Plaintiff [that he] was out on the public sidewalk located in front of Defendant Fox's home for [too] long." *Id*.  And so, the Plaintiff seeks, among other things, to recover actual and punitive damages, costs and attorneys' fees from the Defendants.  *Id*. at Prayer for relief.

On February 21, 2025, the Plaintiff filed a Proof of Service with regards to Officer Pyles, stating that Officer Pyles was served with a copy of the summons and complaint *via* certified mail on February 7, 2025.  ECF No. 5-2 at 1.  A certified mail card that is addressed to Officer Pyles at the 3rd District of the MCPD, 1002 Whitestone Dr., Silver Spring, MD 20904 is attached to the Proof of Service.  *See id*.  The returned receipt is signed by Billie Wilson and dated February 14, 2025.  *See id*. at 2.

On April 8, 2025, Officer Pyles filed a motion to quash service of the summons and complaint, along with supporting affidavits.  ECF Nos. 13, 13-1 and 13-2.  In his sworn affidavit, Billie Wilson states that: (1) he "serve[s] as front desk staff for the Montgomery County Police Department, 3rd District located at 1002 Whitestone Dr., Silver Spring, MD 20904;" (2) "[o]n February 14, 2025, [he] received, [*via*] certified mail, a package addressed to Office[r] Pyles;" and (3) "[o]n February 14, 2025, [he] was not authorized to accept service on behalf of Officer Pyles in his individual capacity, nor [has he] ever been authorized to accept such service on his behalf."  ECF No. 13-2 at ¶¶ 1-4.  Officer Pyles also states in his sworn affidavit that: "[he has] not been personally served with the Complaint and Summons in this action, nor [has he] authorized any person to accept service of the Complaint and Summons on [his] behalf," and "Billie Wilson . . . was not authorized to accept service on [his] behalf on February 14, 2025."  ECF No. 13-3 at ¶¶ 2-3.

### B.    Procedural History

On January 10, 2025, the Plaintiff filed the complaint.  ECF No. 1.  On February 28, 2025, the Judicial Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), and a memorandum in support thereof.  ECF Nos. 7 and 7-1.  On March 17, 2025, the Plaintiff filed a response in opposition to the Judicial Defendants' motion to dismiss.  ECF No. 12.

On March 12, 2025, the Plaintiff filed a motion for a default judgment as to Officer Pyles.  ECF No. 11.  On April 10, 2025, Officer Pyles filed a response in opposition to the Plaintiff's motion.  ECF No. 14.

On April 8, 2025, Officer Pyles filed a motion to quash service of the summons and complaint, pursuant to Fed. R. Civ. P. 12(b)(5).  ECF No. 13.  On April 16, 2025, the Plaintiff filed a response in opposition to the motion to quash.  ECF No. 16.  On April 30, 2025, Officer Pyles filed a reply brief.  ECF No. 16.

The parties' respective motions having been fully briefed, the Court resolves the pending motions.

## III.   LEGAL STANDARDS

### A.   *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted).  And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B.   Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The Supreme Court of the United States has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own

6

initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

### C.   Fed. R. Civ. P. 4 And Fed. R. Civ. P. 12(b)(5)

Federal Rule of Civil Procedure 4 governs service of the summons and complaint on a defendant. Fed. R. Civ. P. 4. Specifically, Rule 4(e) provides that, to effectuate service an individual within a judicial district of the United States, a plaintiff may: (1) serve the individual in accordance with state law; (2) deliver a copy of the summons and complaint to the individual personally; (3) leave a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) deliver a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

When a defendant challenges service of process, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4" of the Federal Rules of Civil Procedure. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *see also* Fed. R. Civ. P. 4(*l*)(1). Where a plaintiff improperly serves a defendant, the Court may quash the service, permitting the plaintiff to attempt to properly serve the defendant. *Shlikas v. SLM Corp.*, No. CIV. WDQ-09-2806, 2011 WL 2118843, at *2 (D. Md. May 25, 2011), *aff'd*, 546 F. App'x 290 (4th Cir. 2013) (citing *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983)).

In this regard, the Fourth Circuit has held that "[g]enerally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *O'Meara*, 464 F. Supp. 2d at 476 (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod–*

7

*Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).  But "[e]ven when Defendants receive actual notice of the proceedings against them, [the] Plaintiff still must comply with 'plain requirements for the means of effecting service of process.'"  *Davis v. Balt. City Cmty. Coll.*, No. 19-cv-2194-ADC, 2019 WL 5636362, at *3 (D. Md. Oct. 31, 2019) (quoting *Armco*, 733 F.2d at 1089).  And so, "[i]n Maryland, service by mail is proper only when the complaint and summons are sent using 'certified mail requesting . . . [r]estricted [d]elivery.'"  *Jarvis v. Dist. Taco, LLC*, No. CV 23-1029, 2023 WL 3847428, at *3 (D. Md. June 6, 2023) (citing Maryland Rule 2-121(a)).  And so, "[s]ervice is thus invalid where, for example, the plaintiff merely sends the documents by first class mail."  *Id.* (citing *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 355 (D. Md. 1996)).

> **D.     Eleventh Amendment And Judicial Immunity**

The Fourth Circuit has held that "[s]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction."  *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (citation omitted) (affirming dismissal under Rule 12(b)(1)).  The Supreme Court has also held that the Eleventh Amendment of the United States Constitution bars a suit in federal court against a state, one of its agencies or departments, or one of its officials acting in an official capacity, without a valid abrogation or waiver of the state's sovereign immunity.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The Supreme Court has also recognized that "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).  And so, this Court has long held that the State of Maryland has not waived its immunity under the Eleventh Amendment for suits in federal court.  *See, e.g.*, *Dixon v. Balt. City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003).

The doctrine of judicial immunity provides that judges are "absolutely immune from suit for any actions taken within the scope of their judicial responsibilities or within [their] jurisdiction."  *See Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 356 (E.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991)).  In this regard, the Fourth Circuit has held that:

> [J]udicial immunity is strong medicine. When it applies it is absolute. It not only protects judges from ultimate liability in a case, but also serves as a complete bar to suit. It applies even to judicial acts flawed by the commission of grave procedural errors, and protects even actions alleged to have been done maliciously or corruptly.

*Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) (citations omitted) (internal quotation marks omitted). But, as the Fourth Circuit has also recognized, "[j]udicial immunity does not protect judges so much as it protects the judicial acts they undertake as part of their public service. . . ." *Id*. (emphasis omitted). Given this, "judges are not protected if they act in the 'clear absence of all jurisdiction over the subject-matter,' or when they engage in nonjudicial acts." *Id*. (citations omitted). And so, when determining whether judicial immunity should apply, the Court "examine[s] the nature of the functions with which a particular official or class of officials has been lawfully entrusted," and then "evaluate[s] the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Forrester v. White*, 484 U.S. 219, 224 (1988).

        E.        **Default Judgment And Fed. R. Civ. P. 55**

Lastly, Rule 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Lastly, pursuant to Local Rule 108.2 and Fed. R. Civ. P. 55, the Clerk of the Court must enter default before the Plaintiff may file a motion for default judgment. *See* Fed. R. Civ. P. 55; L.R. 108.2; *see also Evans v. Prince George's Cmty. Television, Inc.*, No. 8:19-CV-03529-PX, 2021 WL 3037445 (D. Md. July 19, 2021), *aff'd*, 2022 WL 1644640 (4th Cir. May 24, 2022) ("[Plaintiff's] motion for default judgment is premature given that the Clerk had not yet entered default, a necessary precondition."); *Sigala v. ABR of VA, Inc.*, No. GJH-15-1779, 2016 WL 1643759, at *2 n.2 (D. Md. Apr. 21, 2016) (obtaining a Clerk's entry of default is a "necessary prerequisite to obtaining judgment by default.") (citation omitted)).

### IV.    ANALYSIS

Pending before the Court are three motions that are ripe for resolution by the Court.

First, the Judicial Defendants have moved to dismiss the claims brought against them in this civil action, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), upon the grounds that: (1) the Court may not consider the Plaintiff's claims under the *Rooker-Feldman* abstention doctrine; (2) the Judicial Defendants enjoy immunity under the Eleventh Amendment; and (3) the Plaintiff's claims against them are barred by the doctrine of absolute judicial immunity. *See* ECF No. 7-1 at 5-8. In addition, the Judicial Defendants argue that the Court should dismiss the claims brought against them in this case, pursuant to Fed. R. Civ. P. 12(b)(6), because the Plaintiff has not provided "a clear statement of the facts necessary to constitute any cause of action against the Judicial Defendants." *See id*. at 9-10.

The Plaintiff counters that the Court should not dismiss his claims against the Judicial Defendants, because: (1) he "request[s] that the [C]ourt examine whether these judges overstepped their official duties, in violation of [the Plaintiff's] constitutional rights" and (2) the Judicial Defendants are not immune from his claims. ECF No. 12 at 1 and 2-5. And so, the Plaintiff requests that the Court deny the Judicial Defendants' motion to dismiss. *Id*. at 1 and 8.

Second, the Plaintiff has moved for default judgment against Officer Pyles, upon the grounds that Officer Pyles has neither responded to the complaint, nor otherwise defended this action, after having been properly served with the summons and complaint. *See* ECF No. 11; *see also* ECF No. 15. Officer Pyles opposes the Plaintiff's motion for default judgment, because he has not been properly served with the summons and complaint. ECF No. 12 at 1-2. And so, Officer Pyles requests that the Court deny the Plaintiff's motion for a default judgment. *Id*.

Lastly, Officer Pyles has moved to quash the service of the summons and complaint in this matter, pursuant to Fed. R. Civ. P. 12(b)(5), because the Plaintiff has not properly served him with a copy of the summons and complaint, as required by Fed. R. Civ. P. 4. ECF No. 13 at 1-2; *see also* ECF No. 13-2. In his response in opposition to the motion to quash, the Plaintiff appears to concede that he did not personally serve Officer Pyles with a copy of the summons and complaint, or serve these documents on an authorized agent of Officer Pyles, as required by Rule 4. ECF No. 15 at 1-2. But, the Plaintiff, nonetheless, contends that service of process was proper. *Id.* at 1. And so, the Plaintiff requests that the Court deny Officer Pyles' motion to quash. *Id*. at 2.

For the reasons that follow, the Court must dismiss the Plaintiff's claims against the Judicial Defendants, because these claims are subject to of Eleventh Amendment immunity and barred by the doctrine of judicial immunity. Officer Pyles has also shown that the Plaintiff failed to properly serve him with a copy of the summons and complaint as required by Rule 4. And so, the Court: (1) GRANTS the Judicial Defendants' motion to dismiss (ECF No. 7); (2) GRANTS Officer Pyles' motion to quash (ECF No. 13); (3) DENIES the Plaintiff's motion for default judgment (ECF No. 11); (4) DISMISSES Counts I, II and III in the complaint as to the Judicial Defendants; (5) QUASHES the service of the summons and the complaint as to Officer Pyles; and (6) DIRECTS the Plaintiff to properly serve Officer Pyles with the summons and complaint as required by Fed. R. Civ. P. 4(e), by September 26, 2025.

### A. The Court Must Dismiss The Claims Against The Judicial Defendants

As an initial matter, the Court must dismiss the Plaintiff's claims in this civil action against the Judicial Defendants, because these claims are subject to Eleventh Amendment immunity and barred by the doctrine of judicial immunity. It is well-established that the Eleventh Amendment of the United States Constitution bars a suit in federal court against a state, one of its agencies or departments, or one of its officials acting in an official capacity, without a valid abrogation or waiver of the state's sovereign immunity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Haldeman*, 465 U.S. 89, 100 (1984). Relevant to this dispute, this Court has held that the State of Maryland has not waived its immunity under the Eleventh Amendment for suits in federal court. *See, e.g.*, *Dixon v. Balt. City Police Dep't*, 345 F. Supp. 2d. 512, 513 (D. Md. 2003).

In addition, under the doctrine of judicial immunity, judges are "absolutely immune from suit for any actions taken within the scope of their judicial responsibilities or within [their] jurisdiction." *See Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 356 (E.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991)). In this regard, the Fourth Circuit has held that judicial immunity "serves as a complete bar to suit" and "protects even actions alleged to have been done maliciously or corruptly." *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) (citations omitted) (internal quotation marks omitted). But, judicial immunity does not protect judges who "act in the 'clear absence of all jurisdiction over the subject-matter,' or when they engage in nonjudicial acts." *Id*. (citations omitted). And so, when determining whether judicial

11

immunity should apply to this case, the Court "examine[s] the nature of the functions with which a particular official or class of officials has been lawfully entrusted," and then "evaluate[s] the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Forrester v. White*, 484 U.S. 219, 224 (1988).

In this case, the Plaintiff's claims against the Judicial Defendants are subject to Eleventh Amendment immunity and barred by the doctrine of judicial immunity for several reasons. First, there is no dispute that the Judicial Defendants are Associate Judges of the Circuit Court for Montgomery County, Maryland and the District Court of Montgomery County, Maryland. *See* ECF No. 7 at 1; ECF No. 1 at 3-4. The complaint also makes clear that the Plaintiff is suing the Judicial Defendants in their official capacities as Maryland State Judges and that the Plaintiff's claims arise from official acts that the Judicial Defendants undertook in litigation involving the Plaintiff. ECF No. 1 at 3-8.

As this Court has previously recognized, the State of Maryland has not waived its sovereign immunity for suit in federal court. *Dixon*, 345 F. Supp. 2d at 513. Because the Judicial Defendants are State of Maryland officials, the Eleventh Amendment bars the Plaintiff's claims in this federal lawsuit against these State officials. Md. Code Ann., State Gov't. § 12-101(a)(1), (11) (West 2025) (a Maryland State Judge is state personnel); *Will*, 491 U.S. at 66; *Pennhurst*, 465 U.S. at 100. And so, the Court must DISMISS the Plaintiff's claims against the Judicial Defendants.

The dismissal of the Plaintiff's claims against the Judicial Defendants is also warranted, because these claims are barred by the doctrine of judicial immunity. A careful reading of the complaint makes clear that the Plaintiff seeks to challenge certain judicial actions taken by the Judicial Defendants related to the Peace Orders. *See* ECF No. 1 at 5-22; *see also* Md. Code Ann., Cts. & Jud. Proc. § 3-1503(a) (authorizing Maryland State District Court Judges to grant peace orders); Md. Code Ann., Cts. & Jud. Proc. § 3-1506(b)(1)-(2) (authorizing Maryland State Circuit Court Judges to hear appeals of a final peace orders). Because the decisions and rulings of the Judicial Defendants related to the Peace Orders are clearly judicial acts that fall within the scope of their professional duties as judicial officers, the Plaintiff's claims challenging these acts are precluded by the doctrine of judicial immunity. *See Cogswell*, 304 F. Supp. 2d at 356 (citing *Mireles*, 502 U.S. at 9-12); *see also Parker v. State*, 653 A.2d 436, 441 (Md. 1995) ("[A] judge who has a general judicial authority to perform the kinds of acts for which he is sued is

12

absolutely immune from civil liability for those acts.") (citation omitted).  And so, the Court must also DISMISS the Plaintiff's claims against the Judicial Defendants pursuant to the doctrine of judicial immunity.[3]

### B. The Plaintiff Has Not Properly Served Officer Pyles

Turning to the remaining motions pending before the Court, the Plaintiff has not shown that he is entitled to default judgment against Officer Pyles, because he has not properly served Officer Pyles with a copy of the summons and complaint as required by Rule 4.  And so, the Court DENIES the Plaintiff's motion for default judgment.  For this same reason, the Court GRANTS Officer Pyles' motion to quash service.

Rule 4(e) of the Federal Rules of Civil Procedure requires that service of process on an individual within a judicial district of the United States be accomplished by either: (1) serving the individual in accordance with state law; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).  "In Maryland, service by mail is proper only when the complaint and summons are sent using 'certified mail requesting . . . [r]estricted [d]elivery.'" *Jarvis v. Dist. Taco, LLC*, No. CV 23-1029, 2023 WL 3847428, at *3 (D. Md. June 6, 2023) (citing Maryland Rule 2-121(a)).

Here, there is no dispute that the Plaintiff attempted to serve Officer Pyles by sending the summons and complaint *via* certified mail to Officer Pyles at the MCPD, 3rd District.  ECF No. 5-2.  It is also undisputed that Billie Wilson, who is a front desk staff person for the MCPD, 3rd District, received the summons and complaint on February 14, 2025, and that Mr. Wilson is not authorized to accept service on behalf of Officer Pyles.  ECF No. 13-2 at ¶¶ 1-4.  It is similarly undisputed that Officer Pyles has not been personally served with the summons and complaint. ECF No. 13-3 at ¶¶ 2-3.

Given these undisputed facts, the Court must conclude that the Plaintiff has not properly served Officer Pyles with the summons and complaint as required by Rule 4.  *See Jarvis*, 2023

---

[3] Because the Court concludes that the Plaintiff's claims against the Judicial Defendants are precluded under the Eleventh Amendment and the doctrine of judicial immunity, the Court does not reach the other arguments raised in the Judicial Defendants' motion to dismiss.

13

WL 3847428, at *3 ("In Maryland, service by mail is proper only when the complaint and summons are sent using 'certified mail requesting . . . [r]estricted [d]elivery'") (citing Maryland Rule 2-121(a)). And so, the Plaintiff has not shown that he is entitled to a default judgment against Officer Pyles in this case. *See* Fed. R. Civ. P. 55; *see also S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (To obtain a default judgment, the Plaintiff must show that the "adversary process has been halted because of an essentially unresponsive party.").

For this same reason, Officer Pyles has also shown that it is appropriate to quash the service of the summons and complaint. *Shlikas v. SLM Corp.*, No. CIV. WDQ-09-2806, 2011 WL 2118843, at *2 (D. Md. May 25, 2011) (when a summons and complaint are not properly served, the Court may quash the service and permit the plaintiff to attempt to properly serve the defendant), *aff'd*, 546 F. App'x 290 (4th Cir. 2013) (citing *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983)). And so, the Court: (1) DENIES the Plaintiff's motion for a default judgment (ECF No. 11) and (2) GRANTS Officer Pyles' motion to quash service (ECF No. 13).

**V.    CONCLUSION**

In sum, a careful reading of the complaint makes clear that the Plaintiff's claims against the Judicial Defendants are subject to Eleventh Amendment immunity and barred by the doctrine of judicial immunity. Officer Pyles has also shown that the Plaintiff failed to properly serve him with a copy of the summons and complaint as required by Rule 4. And so, for the foregoing reasons, the Court:

(1) **GRANTS** the Judicial Defendants' motion to dismiss (ECF No. 7);

(2) **GRANTS** Officer Pyles' motion to quash (ECF No. 13);

(3) **DENIES** the Plaintiff's motion for default judgment (ECF No. 11);

(4) **DISMISSES** Counts I, II and III in the complaint as to the Judicial Defendants;

(5) **QUASHES** the service of the summons and complaint as to Officer Pyles; and

(6) **DIRECTS** the Plaintiff to properly serve Officer Pyles with the summons and complaint as required under Fed. R. Civ. P. 4(e), by **September 26, 2025**.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge