**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHRIS DELEON,<br><br>Plaintiff *pro se*,<br><br>v.<br><br>MARGARET FOX, *et. al.*,<br><br>Defendants. | Civil Action No. 25-cv-00080-LKG<br><br>Dated: August 21, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In the remaining claims in this civil action, the Plaintiff *pro se*, Chris Deleon, alleges that Defendants, Margaret Fox, Montgomery County Police Department ("MCPD"), Officer Charles Pyles and certain unnamed John Doe Officer Defendants, violated 42 U.S.C. § 1983, and the First and Fourth Amendments of the United States Constitution, in connection with a dog walking incident that resulted in the issuance of a peace order against the Plaintiff. *See generally* ECF No. 1; ECF No. 19. Officer Pyles has moved to dismiss the Plaintiff's claims against him, pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 26 and 26-1. The Plaintiff has also filed a motion for Clerk's entry of default judgment against Defendant Margaret Fox, pursuant to Fed. R. Civ. P. 55(a). ECF Nos. 24 and 24-1. Lastly, the Plaintiff has filed a motion to compel the MCPD and the Montgomery County Sheriff's Department ("MCSD") to produce the full legal names of the John Doe Officer Defendants and to preserve certain evidence, pursuant to Fed. R. Civ. P. 26(b)(1) and 37(a). (ECF No. 32).

These motions are fully briefed. ECF Nos. 1, 24, 24-1, 26, 26-1 and 32. No hearing is necessary to resolve the motions. L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** Officer Pyles' motion to dismiss (ECF No. 26); (2) **DENIES** the Plaintiff's motion to compel (ECF No. 32); (3) **DENIES** the Plaintiff's motion for Clerk's entry of default judgment (ECF No. 24); (4) **GRANTS** Magaret Fox's motion to dismiss (ECF No. 27)[1]; and (5) **DISMISSES** the complaint.

[1] The Court construes Ms. Fox's submission at ECF No. 24 as a motion to dismiss.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

### A. Factual Background

The remaining claims in this case involve allegations that Defendants Margaret Fox, Officer Charles Pyles and certain unnamed John Doe Officer Defendants violated Section 1983 and the First and Fourth Amendments, in connection with a dog walking incident that resulted in the issuance of a peace order against the Plaintiff. *See generally* ECF No. 1; ECF No. 19. In the complaint, the Plaintiff asserts the following three claims against these Defendants: (1) violation of 42 U.S.C. § 1983 (Count I); (2) violation of the First Amendment (Count II); and (3) violation of the Fourth Amendment (Count III).[3] *Id.* at 6-7. As relief, the Plaintiff seeks, among other things, to recover actual and punitive damages, costs and attorneys' fees from the Defendants. *Id.* at Prayer for Relief.

<u>The Parties</u>

Plaintiff Chris Deleon is a resident of Maryland. *Id.* at 2.

Defendant Margaret Fox is a resident of Maryland. *Id.* at 1-2.

Defendant Officer Pyles is a police officer employed by the MCPD. *Id.* at 2.

Defendant Officer John Doe 2 is alleged to be a police officer employed by the MCPD. *Id.* at 2-3.

Defendant Officer John Doe 3 is alleged to be a deputy sheriff with the MCSD. *Id.* at 3.

<u>The Dog Walking Incident</u>

As background, this case arises from a dispute between the Plaintiff and his neighbour, Defendant Margaret Fox, regarding his use of the sidewalk in front of Ms. Fox's home to walk his dogs. ECF No. 1. The Plaintiff alleges that, while he was walking his dogs in this area, Ms. Fox told him that he could not be in front of her home, that the sidewalk in front of her home was her property and that his dogs were not permitted to use the bathroom

---

[2] The facts recited in this memorandum opinion are taken from the complaint; Officer Pyles' motion to dismiss and the memorandum in support thereof; the Plaintiff's response in opposition thereto; Officer Pyles' reply brief; the Plaintiff's motion for Clerk's entry of default; Ms. Fox's response in opposition thereto and motion to dismiss; the Plaintiff's motion to compel; and Officer Pyles response in opposition thereto. ECF Nos. 1, 24, 26, 27, 29, 32, 38, 39 and 41.

[3] After certain Defendants moved to dismiss the claims brought against them, the Court issued a Memorandum Opinion and Order on September 5, 2025, that: (1) dismissed the Plaintiff's claims against the Judicial Defendants in Counts 1, 2 and 3 of the complaint; (2) denied the Plaintiff's motion for default judgment against Officer Pyles; (3) granted Officer Pyles's motion to quash service of the complaint and summons; and (4) directed the Plaintiff to properly serve Officer Pyles with the summons and complaint as required under Fed. R. Civ. P. 4(e), by September 26, 2025. ECF No. 19.

on her property. *Id*. at 1. And so, the Plaintiff also alleges that Ms. Fox demanded that he leave the area and sprayed him with her water hose. *See id*.

The Plaintiff alleges that he then "called the police against [Ms. Fox] for assault and battery." *Id*. at 7. In this regard, the Plaintiff alleges that Officer Pyles and at least two other, unknown MCPD Officers arrived on the scene shortly thereafter. *Id*. at 1.

Relevant to the pending motions, the Plaintiff alleges that Officer Pyles occupied the driver's seat of the police vehicle that approached him at the scene. I*d*. at 2. The Plaintiff also alleges that "the police told [Ms. Fox] to file a peace order against [him]" and that, "[i]f that is correct, then the police officer then gave her legal advice." *Id*.

<u>The Plaintiff's Remaining Claims</u>

In Count 1 of the complaint, the Plaintiff alleges that certain unnamed MCPD Officers violated Section 1983, by "initiat[ing] contact with [him] based on a false assertion that he was on the property of Ms. Fox, when they knew or should have known, that [he] was on public property and had the right to be there . . ." *Id*. at 6. In Count 2 of the complaint, the Plaintiff alleges that the Defendants violated his rights under the First Amendment, because "[t]he defendants, including Ms. Fox, violated his rights by prohibiting [him] from exercising the right to be in public, and specifically, on the public sidewalk." *Id*. at 7.

Lastly, in Count 3 of the complaint, the Plaintiff alleges that the Defendants violated the Fourth Amendment and he also alleges that the MCPD Officers at the scene improperly told Ms. Fox to file a peace order against him. *Id*. at 7-8. And so, the Plaintiff seeks, among other things, to recover actual and punitive damages, costs and attorneys' fees from the Defendants. *Id*. at Prayer for relief.

**B. Relevant Procedural History**

The Plaintiff commenced this civil action on January 10, 2025. ECF No. 1. On September 16, 2025, the Plaintiff filed a motion for clerk's entry of default judgment against Defendant Margaret Fox, pursuant to Fed. R. Civ. P. 55(a). ECF Nos. 24 and 24-1. On October 17, 2025, Ms. Fox submitted a letter correspondence to the Court requesting, among other things, that the Court dismiss all claims brought against her in this case. ECF No. 27.

On October 17, 2025, Defendant Officer Pyles filed a motion to dismiss the claims brought against him in the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 26 and 26-1. On October 22, 2025, the Plaintiff filed a response in opposition to Officer Pyles's motion to dismiss. ECF No. 29.

On November 3, 2025, Defendant Margaret Fox filed a letter response to the Plaintiff's response in opposition to Officer Pyles's motion to dismiss. ECF No. 36. Officer

Pyles' filed a reply brief on November 5, 2025. ECF No. 38. On November 25, 2025, the Plaintiff filed a reply to Defendant Margaret Fox's response to Officer Pyles's motion to dismiss. ECF No. 41.

On October 22, 2025, the Plaintiff filed a motion to compel. ECF No. 32. On November 11, 2025, Defendant Officer Pyles' filed a response in opposition to the Plaintiff's motion to compel. ECF No. 39.

The parties' respective motions having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B. Fed. R. Civ. P. 8(a) And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). To survive a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268

(4th Cir. 2005) (citations omitted). But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

### C. Section 1983

Title 42, United States Code, Section 1983 provides a mechanism for individuals who have had their constitutional rights violated to seek a remedy against individual state actors. *See* 42 U.S.C. § 1983 (providing that if any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a United States citizen of any constitutional right, that person may be liable in a suit for money damages). To state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019), *as amended* (Jan. 9, 2019). In addition, claims brought under Section 1983 must allege personal involvement of the defendant. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights.") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

## IV. LEGAL ANALYSIS

Pending before the Court are the following three motions that are ripe for resolution by the Court:

First, Defendant Officer Pyles has moved to dismiss the claims brought against him in this civil action, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that: (1) the Plaintiff's group allegations fail to provide fair notice and do not satisfy Fed. R. Civ. P. 8; (2) Count 1 of the complaint fails to alleges any facts that identify a specific constitutional right violated by Officer Pyles or any other Mongomery County police officer; (3) Count 2 must fail, because the Plaintiff does not allege facts to show that Officer Pyles violated the First Amendment; (4) Count 3 must also fail, because the Plaintiff does not allege facts to show that Officer Pyles violated the Fourth Amendment; (5) alternatively, Officer Pyles is entitled to qualified immunity; and (6) the Plaintiff's claim under 18 U.S.C. § 242 must be dismissed, Section 242 is a criminal statute that does not provide for a private right of action. ECF No.

26-1 at 5-9. And so, Officer Pyles requests that the Court dismiss all claims brought against him in this civil action. I*d*. at 9.

In his response in opposition to Officer Pyles's motion to dismiss, the Plaintiff counters that the Court should not dismiss his claims against Officer Pyles, because: (1) he sufficiently alleges facts to state a plausible Section 1983 claim; (2) qualified immunity does not apply to Officer Pyles; (3) Officer Pyles violated MCPD policies by acting unlawfully; (4) his pending appeal to the Fourth Circuit warrants a stay of this matter; and (5) Officer Pyles violated his constitutional rights by endorsing a racially biased restriction on public space and misstating the law. ECF No. 29 at 3-4. And so, the Plaintiff requests that the Court deny Officer Pyles's motion to dismiss. *Id.* at 5.

Second, the Plaintiff has moved to compel the MCPD and the MCSD to: (1) produce the full legal names of the John Doe officers identified in the complaint and (2) preserve all related body-worn and vehicle dash-camera recordings related to the Dog Walking Incident. ECF No. 32 at 1. Office Pyles opposes this motion, because discovery has not yet commenced in this case and he requests that the Court deny the Plaintiff's motion to compel. ECF No. 39 at 3.

Lastly, the Plaintiff has moved for clerk's entry of default judgment against Margaret Fox upon the grounds that she has neither answered the complaint, nor defended this civil action. ECF Nos. 24 and 24-1 at 1. Ms. Fox has submitted letter correspondence to the Court stating that she was previously unaware of the complaint and requesting that all claims against her be dismissed. ECF No. 27. And so, Ms. Fox requests that the Court deny the Plaintiff's motion. *Id.*

For the reasons that follow, a careful reading of the complaint shows that the Plaintiff has not sufficiently alleged facts to place Officer Pyles on notice of the claims brought against him in this civil action, as required by Fed. R. Civ. P. 8(a). The complaint also makes clear that the Plaintiff has not sufficiently alleged facts to show that Officer Pyles engaged in conduct that violates Section 1983 and the First and Fourth Amendments and that the Plaintiff may not pursue his criminal law claim against the Defendants.

In addition, the Plaintiff has not shown that he is entitled to the discovery that he seeks. Lastly, the Plaintiff also has not shown that he is entitled to a default judgment against Margaret Fox. And so, the Court: (1) GRANTS Officer Pyles' motion to dismiss (ECF No. 26); (2) DENIES the Plaintiff's motion to compel (ECF No. 32); (3) DENIES the Plaintiff's motion for Clerk's entry of default judgment (ECF No. 24); (4) GRANTS Magaret Fox's motion to dismiss (ECF No. 27); and (5) DISMISSES the complaint.

**A. The Court Dismisses The Claims Against Officer Pyles**

As an initial matter, the Court agrees with Officer Pyles that the factual allegations in the complaint are not sufficient to place him on notice of the nature of the Section 1983 claims brought against him in this case. Fed. R. Civ. P. 8(a) requires that a complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief, so that a defendant has fair notice of the claims brought against him and the grounds upon which the claims rest. Fed. R. Civ. P. 8(a); *see also Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 455 (D. Md. 2005) (holding that a plaintiff fails to comply with Rule 8(a) when the complaint lumps all defendants together and does not distinguish their conduct.). This Court has also held that liability under Section 1983 "attaches only upon a showing of personal participation" by the individual defendant. *Chew v. Platt*, No. 20-3075, 2022 WL 294500, at *4 (D. Md. Jan. 27, 2022) (citing *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001)). And so, to sufficiently plead a Section 1983 claim here, the Plaintiff must allege, among other things, facts to show the specific conduct that Officer Pyles engaged in to deprive him of his constitutional rights in violation of Section 1983. *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018).

In this case, the general allegations in the complaint are not sufficient to meet this standard. In the complaint, the Plaintiff alleges that Officer Pyles, and at least two other, unknown MCPD Officers, arrived on the scene of the Dog Walking Incident after he called the police. ECF No. 1 at 1. The Plaintiff also alleges that Officer Pyles occupied the driver's seat of the police vehicle that approached him at the scene. *Id*. at 2.

The complaint is, however, otherwise devoid of any factual allegations to show what Officer Pyles did, or how his conduct violated the Plaintiff's constitutional rights. Notably, the complaint generally alleges that "OFFICERS" violated Section 1983, by "initiat[ing] contact with the Plaintiff based on a false assertion that he was on the property of Ms. Fox, when they knew or should have known, that [he] was on public property and had the right to be there . . ." *Id*. at 6. The complaint also generally alleges that "the defendants" violated THE Plaintiff's rights under the First Amendment, because "[t]he defendants, including Ms. Fox, violated his rights by prohibiting [him] from exercising the right to be in public, and specifically, on the public sidewalk" and that "the OFFICERS" knowingly informed Ms. Fox to file a peace order. *Id*. at 7-8.

Given this, the Court agrees with Officer Pyles that the general allegations in the complaint simply fail to provide him with fair notice of the claims brought against him in this matter. And so, the Court DISMISSES these claims. Fed. R. Civ. P. 8(a) and 12(b)(6).

While the Court need not reach the remaining issues raised in Officer Pyles's dispositive motion to resolve this dispute, the Court also observes that the claims brought against Officer Pyles are problematic for several other reasons. First, as Officer Pyles correctly argues, the Plaintiff fails to state a plausible Section 1983 claim in Count 1 of the complaint, because he does not allege a violation of the Constitution or law to support this claim. *See* ECF No. 1 at 6-8. *West v. Atkins*, 487 U.S. 42, 48 (1988) (holding that Section 1983 is not an independent source of substantive rights and that a Plaintiff must allege facts to show that a right secured by the Constitution or laws of the United States was violated, to state a Section 1983 claim.); *see also Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019), *as amended* (Jan. 9, 2019) (same).

The complaint also makes clear that the Plaintiff's Section 1983-First Amendment violation claim in Count 2 of the complaint is not plausible. The complaint lacks factual allegations to show that the Plaintiff engaged in any First Amendment protected activity, or that Officer Pyles took any action to prevent or penalize the Plaintiff from engaging in such activity. *See generally* ECF No. 1. The Plaintiff's Section 1983 claim based upon the Fourth Amendment is equally problematic. As Officer Pyles correctly observes, there are no factual allegations in the complaint to show that Officer Pyles used force against the Plaintiff, or restrained the Plaintiff's freedom of movement in some manner during the Dog Walking Incident. ECF No. 1 at 2 (alleging that Officer Pyles suggested that the Plaintiff "go home to change out of his wet clothing" and that a MCPD Officer told Ms. Fox to file a peace order against the Plaintiff.); *see also California v. Hodari D.*, 499 U.S. 621, 626 (1991) (holding that a seizure requires physical force to restrain movement or, where that is absent, submission by the subject to the assertion of authority by the police officer); *see also United States v. Cloud*, 994 F.3d 233, 242 (4th Cir. 2021) (holding that an officer's show of authority occurs when an individual would not feel free to leave, measured objectively from an innocent person's perspective).

Lastly, to the extent that the Plaintiff seeks to assert a claim under 18 U.S.C. § 242 in this civil action, this criminal statute does not provide the Plaintiff with a private right of action to bring such a claim. *Little v. Experian Info. Sols., Inc.*, No. 22- 00575, 2022 WL 17467708, at *3 (D. Md. Dec. 6, 2022).

For each of the above reasons, the Court: (1) GRANTS Officer Pyles's motion to dismiss and (2) DISMISES all claims brought against him in this case. [4]

**B. The Court Denies The Plaintiff's Motion To Compel**

Having determined that all claims brought in this civil action against Officer Pyles must be dismiss, the Court next considers the Plaintiff's motion to compel the MCPD and MCSD to produce the full legal names of the John Doe Officers identified the complaint and to preserve body-worn and vehicle dash-camera recordings related to the Dog Walking Incident. The Court must DENY this motion, because there are no claims that survive Officer Pyle's motion to dismiss to warrant such discovery. In addition, the Court observes that the same deficiencies noted above with regards to the Plaintiff's claims against Officer Pyles would apply to the unnamed John Doe Officers identified in the complaint. And so, the Court DENIES the Plaintiff's motion to compel.

**C. A Default Judgment Against Defendant Margaret Fox Is Not Warranted**

As a final matter, the Court also DENIES the Plaintiff's motion for Clerk's entry of default judgment against Margaret Fox, because she is now defending the claims brought against her in this case. Pursuant to the Federal Rules of Civil Procedure 55(a), the Clerk of the Court may enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend the claims against them." Fed. R. Civ. P. 55(a). After the Plaintiff filed a motion seeking the Clerk's entry of a default against Ms. Fox on September 16, 2025, Ms. Fox submitted correspondence to the Court explaining why she had not responded to the complaint, and seeking the dismissal of the claims brought against her in this case, on October 17, 2025. ECF No. 27 at 2 (stating, among other things. that: "I would like to ask the Court to dismiss [the Plaintiff's] claims and dismiss any requests for relief. Please consider this my appearance."). Ms. Fox is proceeding in this case without the assistance of counsel. Given this, the Court construes her submission as a motion to dismiss. And so, the Court DENIES the Plaintiff's motion for Clerk's entry of default, because Ms. Fox is defending the claims brought against her in this civil action.

The Court is also satisfied that the claims brought against Ms. Fox in this case should be dismissed. As discussed above, the Plaintiff's constitutional law claims in this case are brought pursuant to Section 1983. To state a claim under Section 1983, the Plaintiff must

---

[4] The Plaintiff also argues without persuasion that the Court should stay this matter, because the Fourth Circuit is considering his appeal of the Court's September 5, 2025, Memorandum Opinion and of Order. ECF No. 29 at 4. On January 28, 2026, the Fourth Circuit dismissed the Plaintiff's appeal. ECF No. 42.

allege, among other things, that the constitutional violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019), *as amended* (Jan. 9, 2019). There is no dispute in this case that Ms. Fox is a private citizen and a neighbour of the Plaintiff. ECF No. 1. Given this, Ms. Fox is not a state actor who can be sued under Section 1983. *West*, 487 U.S. at 48. In addition, as discussed above, the Plaintiff also cannot pursue his criminal law claim in this case against Ms. Fox. And so, the Court also DISMISSES all claims brought against Ms. Fox in this case. Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Officer Pyles's motion to dismiss (ECF No. 26);

(2) **DENIES** the Plaintiff's motion to compel (ECF No. 32);

(3) **DENIES** the Plaintiff's motion for Clerk's entry of default judgment (ECF No. 24);

(4) **GRANTS** Magaret Fox's motion to dismiss (ECF No.27); and

(5) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge